By the Court.
-On re-considering this cause, It is conceived that the former opinion of this court is erroneous. That opinion was predicated upon, and influenced by the case of Todd, &c. vs. M'Clenahan. That was a s^1*t uPon aU officer’s bond, executed to the governor, for the faithful discharge of the duties of his office ; and the law creating the office, declared, that the bond might be sued on in the name of the governor, for. the use of any person who might be injured by a neglect of duty in the officer: and as the bond,as well as the right to commence the suit, were authorised by the law creating the office, find as the suit must be brought in the name of the governor for the time being, and not in the name of the party injured, it was adjudged that the law should have been referred to, it being a special and particular legislar ti ve provision. But the act concerning the assignment of obligations, is a general law, of which the court is bound to take notice, without its being pleaded ; and therefore it was not essentially necessary to state it in the declaration : or, to say the most, this is only a case where: fhere is a good cause of action, defectively set forth ^ which ought not to be fatal.
*77 It is also assigned as error, that there is a variance between the judgment and execution — the judgment being for l 53 1 4 1-2 debt, and 1.5 5 11 damages; but the execution is for 1.53 1 4 1-2 damages. It has been decided by this court, that when a judgment is entered for damages, and it should have been for debt, it ought to be considered as a clerical mistake, which is not material, as the obligation and declaration will shew the true intention of the court; and the mistake cannot injure the defendant.* The error now complained of, is also a mistake of the clerk, and the obligation and declaration filed in the suit, shew that it is so. Moreover the error is not injurious to the defendants in the court below ; the execution being for a less sum than it might have been issued for ; and they should not be permitted to assign that for error which is not to their disadvantage.†
Former opinion set aside, and judgment of inferior court affirmed.‡

 So decided ia the cafe of Sullivan vs. Vanmeter, this term — See alfo Churcbill vs. Rogers, poft.

 Meaux vs. Rutgers, fall term 1803, Pr. Dec. 341, S. P.

 In the cafe of Lindfey vs. Jordan, fpring term 1808, the court gave a de-cifion fimilar to the laft opinion in the above cafe, Gating that upon the authority of it, and alfo upon principle, they were “ clearly of opinion that there wasnothing in th^errors afligned which ought to reverie the judgment.”